**LOCAL 1219, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, et al., Plaintiffs,**

**v.**

**Raymond J. DONOVAN, et al., Defendants.**

**Civ. A. No. 81–1385.**

United States District Court, District of Columbia.

July 8, 1981.

Edward L. Merrigan, Washington, D. C., for plaintiffs.

Jason Kogan, Asst. U. S. Atty., U. S. Dist. Court, James R. Rosa, Gen. Counsel, AFGE, Washington, D. C., for defendants.

MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiffs, various locals and members of the American Federation of Government Employees, bring this action against the Department of Labor and certain of its officials. The dispute concerns a union election held in August of 1980 which plaintiffs allege was illegal. At least one of the plaintiffs, Carl Sadler, was a losing candidate in that election, and he and others filed a complaint with the Department contesting the election. The Department commenced an investigation and thereafter found probable cause to believe that certain aspects of the election violated the law. It also took the position that the union should conduct a new election. Approximately a month and a half later, on May 20, 1981, defendants entered into an agreement with the union under which the Department was to supervise the next regularly scheduled union election in 1982. Plaintiffs then filed this action challenging that decision and asking for preliminary relief. The union was conditionally allowed to intervene as a defendant. Another motion to intervene was filed by a group styling itself the National Leadership Committee, and composed of union members. That motion was not timely for consideration in this proceeding.

This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702 to review the government's decision to enter into the agreement at issue. The circumstances here differ in no relevant way from those presented in *Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), in which the Court found jurisdiction to review the Secretary of Labor's decision not to commence civil proceedings to set aside an allegedly improper union election. *Id.* at 567–68, 95 S.Ct. at 1857–58. In this case, as in *Dunlop*, there is no statutory provision expressly precluding judicial review. Defendants also claim that because the action taken here was committed to defendants' discretion it is exempt from review pursuant to 5 U.S.C. § 701(a)(2). In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S.

402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), the Supreme Court characterized that exemption as one which is "very narrow," and applicable only in "rare instances" where there is no law to apply. *Id.* at 410, 91 S.Ct. at 820. Since 5 U.S.C. § 7120 supplies specific standards and procedures and authorizes specific regulations to govern union elections and election complaints, the action taken by defendants is not within the Section 701(a)(2) exemption. Finally, no relevant procedure or avenue of review is available to plaintiffs other than judicial scrutiny. There is thus no doubt that this Court has the power to examine defendants' decision under the standards set forth in 5 U.S.C. § 706.

Under Section 706, the Court may set aside any agency action not in accordance with law. The consent agreement here was entered into pursuant to 29 C.F.R. § 208.66 (1980), which establishes a two-step procedure in situations where the Department has found probable cause to believe election violations have occurred. First, it can attempt to enter into an "appropriate remedial agreement" with any appropriate person and labor organization. If no such agreement is reached, enforcement proceedings "shall" be instituted. The agreement here does not appear to accord with the regulation because it is not *remedial* in nature, as specifically required. First, it does nothing to remedy the violations which may have occurred in 1980. The agreement in effect validates that election without regard to its legality. Secondly, the agreement does not grant plaintiffs any prospective rights other than those to which they are already entitled. That is, although the Department will attempt to ensure that the next election is fair, plaintiffs are legally entitled to a fair election at all times, regardless of any Department decision to guarantee such fairness. Thus the agreement in reality remedies nothing. Since that deficiency violates the regulation, the decision to enter into that agreement must be set aside.

Under these circumstances, the Court has no hesitation in finding that plaintiffs have

met the heavy burden imposed by *Virginia Petroleum Jobbers v. Federal Power Commission*, 259 F.2d 921, 925 (D.C.Cir.1959). First, loss of the right to a fair election in 1980 would be an irreparable harm in the most literal sense of the word. Second, plaintiffs have an excellent chance of showing, if they have not already shown, that the consent agreement was not in accordance with the law. They also have established a sufficient likelihood that remedial action may be ordered. Third, compelling the Department to grant the relief contemplated by the Court—namely, to institute expedited enforcement proceedings and to continue and expedite election supervision preparations—is not an unreasonable burden, especially when contrasted with plaintiffs' right to have had a fair election in 1980. Finally, the public interest lies overwhelmingly with insuring that any violations which may have occurred during the 1980 elections are corrected.

In light of that showing, there remains only the issue of what relief is appropriate. Since the disputed election is already ten months past, it is evident that time is of the essence. If the 1980 election is ultimately found to have been illegal, plaintiffs will be denied an effective remedy unless either the union or the Department proceeds with more speed than has so far been shown. Accordingly, the Court finds that the Department should do what it would have done under the regulation had no agreement been entered into: institute an enforcement proceeding before an administrative law judge. That proceeding should be expedited and completed within ninety days. In addition, the Court notes that a new election may be found to be an appropriate remedy, as shown by the Department's initial position in this matter. It further notes that Department supervision of the election may also be necessary, as evidenced by the consent agreement. Given those possibilities, and accepting the Department's representations concerning the months of preparation such supervision entails, the Court concludes that the Department should continue the preparations for a supervised election which were initiated as a result of the consent agreement. These preparations should also be expedited. Only in this way will a timely, supervised election be possible, if such an election is ultimately deemed necessary.